UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LEIGHANN TILLMAN, | ) |
| | ) Civil Action |
| Plaintiff, | ) |
| v. | ) No. 4:21-cv-43 |
| | ) |
| RADIUS GLOBAL SOLUTIONS LLC, | ) |
| | ) |
| Defendant. | ) |

COMPLAINT AND JURY DEMAND

I.   INTRODUCTION

1. This is a civil action for actual and statutory damages, costs, and attorney's fees brought by Plaintiff LEIGHANN TILLMAN (hereinafter referred to as "Plaintiff"), a consumer, against Defendant RADIUS GLOBAL SOLUTIONS LLC (hereinafter referred to as "Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C § 1692, *et seq.*, which prohibits debt collectors, such as Defendant, from engaging in abusive, deceptive, and unfair practices against consumers.

II.   JURISDICTION AND VENUE

2. This is an action to enforce liability created under the FDCPA.

1

3. Jurisdiction is proper under 15 U.S.C § 1692k(d) and 28 U.S.C 1331.

4. Defendants transact business in Houston, Harris County, Texas.

5. Defendant has sufficient contacts in this judicial district that make it subject to the personal jurisdiction of this Court.

6. Defendant is limited liability company led by MICHAEL BARRIST.

7. Defendant's Houston, Harris County, Texas business location or address is 2401 Fountain View Drive, Suite 306, Houston, Texas 77057.

8. Defendant's Texas Taxpayer Number is 32029642387.

9. Defendant's Effective Texas Secretary of State Registration Date is 06/02/2009.

10. Defendant's Texas Secretary of State File Number 0801130359.

11. Venue is proper in this judicial district under 28 U.S.C. 1391(b)(1).

### III.   PARTIES

12. Plaintiff is a natural person allegedly obligated to pay a debt.

13. Plaintiff is a "consumer" as defined under 15 U.S.C. §1692a(3).

14. Defendant uses instrumentalities of interstate commerce or the mails in their business with the principal purpose of the collection of debts.

15. Defendant regularly collects or attempts to collect, directly or indirectly, debt owed or due or asserted to be owed or due another.

16. Defendant is a "debt collector" as defined under 15 U.S.C. § 1692a(6).

## IV. FACTS OF THE COMPLAINT

17. On or about July 7, 2020, Plaintiff reviewed her consumer report on Credit Karma®, which is a registered trademark of Credit Karma, LLC.

18. Credit Karma® offers consumers free credit scores, reports, and insights.

19. Plaintiff observed a trade line from Defendant on her consumer report.

20. Defendant furnished consumer reporting agencies ("CRAs") a tradeline of $102 allegedly owed to Laboratory Corporation of AM ("Alleged Debt").

21. Defendant furnished CRA's the Alleged Debt imputing it to Plaintiff.

22. Also on July 7, 2020, Plaintiff made a dispute of the Alleged Debt with Defendant via telephone.

23. On October 6, 2020, Plaintiff rechecked her consumer reports via Credit Karma and saw that the Alleged Debt was not marked disputed by Defendant.

24. Defendant with one or more consumer reporting agencies following notice of Plaintiff's dispute of the Alleged Debt, but failed to communicate to consumer reporting agencies that the Alleged Debt was disputed by Plaintiff.

25. Defendant's conduct described above has damaged and continues to severely damage Plaintiff's personal credit and reputation, and cause Plaintiff to suffer severe humiliation, emotional distress, and anguish.

## V. COUNT I – VIOLATION OF 15 U.S.C. §1692e(8)

26. Plaintiff realleges and reincorporates the allegations in paragraphs 1-25.

27. Defendant's alleged conduct described herein violated the FDCPA.

28. Defendant's FDCPA violations include, but are not limited to, violation of 15 U.S.C § 1692e(8) by failing to communicate to CRAs that Alleged Debt was disputed by Plaintiff when Defendant communicated with CRAs concerning Plaintiff following Defendant receiving actual notice of Plaintiff's dispute of the Alleged Debt.

29. As a result of Defendant's violation(s) of the FDCPA, Defendant is liable to the Plaintiff under 15 U.S.C. § 1692k(a) for actual damages, statutory damages, costs of this action, and attorney's fees.

## VI. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a jury trial and that judgment be entered in favor of Plaintiff and against the Defendant for:

    a. Actual damages pursuant to 15 U.S.C 1692k(a)(1);

    b. Statutory damages of $1,000 pursuant to 15 U.S.C 1692k(a)(2);

    c. Costs of this action pursuant to 15 U.S.C 1692k(a)(3);

    d. Attorney's fees pursuant to 15 U.S.C 1692k(a)(3); and

    e. For such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

Date: January 6, 2020

Brian L. Ponder, Esq.
Attorney-in-Charge
New York Bar #: 5102751
Southern District of Texas Bar #: 2489894
BRIAN PONDER LLP
200 Park Avenue, Suite 1700
New York, New York 10166
Telephone: (646) 450-9461
Facsimile: (646) 607-9238
Email: brian@brianponder.com
ATTORNEY FOR PLAINTIFF